IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RUSSELL T. BROWN,

       Petitioner,

v.                                        Civil Action No.: 3:08CV36

GENE JOHNSON, DIRECTOR,
VIRGINIA DEPARTMENT OF CORRECTIONS,

       Respondent.

## MEMORANDUM OPINION

Petitioner Russell T. Brown, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Brown challenges his convictions for two counts of possession with intent to distribute cocaine, second offense, and one count of distributing cocaine. The Respondent filed a motion to dismiss and appropriate *Roseboro* notice. Respondent contends that Brown's claims lack merit. Petitioner has responded and the matter is ripe for disposition.

## I. Procedural History

After a bench trial, Petitioner was convicted of two counts of possession with intent to distribute cocaine, second offense, and one count of distributing cocaine in the Circuit Court of Brunswick County ("Circuit Court"). On July 28, 2005, a final judgment of the Circuit Court

---

[1] 28 U.S.C. § 2254 states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

sentenced Petitioner to a combined sixty (60) years in prison with all but twelve (12) years
suspended.

Brown appealed his convictions to the Supreme Court of Virginia. As his sole ground for
relief, Brown alleged insufficient evidence to support his convictions. On May 11, 2007, the
Supreme Court of Virginia refused Brown's petition for appeal.

On July 25, 2007, Brown filed a petition for a writ of habeas corpus in the Supreme Court
of Virginia. In this petition, Brown alleged four claims for relief. The respondent in Brown's
state habeas petition summarized Brown's claims as follows:

1.   Counsel was ineffective for failing to move to strike the audio tape prior to trial;

2.   Counsel was ineffective for failing to argue to the trial court a motion to strike
     evidence as insufficient;

3.   Counsel was ineffective for failing to move to strike Brown's confession;

4.   Counsel was ineffective for failing to investigate a rape charge listed in Brown's
     pre-sentence report.

(Resp't's Mot. to Dismiss & Rule 5 Answer, Ex. 1 ("State Habeas Petition") 2.) The Supreme
Court of Virginia dismissed Brown's habeas petition on the merits on November 19, 2007.

Brown filed the instant federal habeas petition on January 15, 2008. He alleges four
grounds for relief:

Claim One:   Ineffective assistance of counsel for failing to move to strike the audio
             tape;

Claim Two:   Ineffective Assistance of Counsel for failing to move to strike the evidence
             as insufficient;

Claim Three: Ineffective Assistance of Counsel for failing to move to strike Brown's
             confession; and,

2

Claim Four:   Ineffective Assistance of Counsel for failing to conduct a pre-trial
investigation of Brown's rape charge that appeared on his pre-sentence
report.

(Pet., Ex. 1 at 1-2, 4-5.)  Respondent concedes that Petitioner has exhausted his state remedies

for the above claims.

## II. Summary of the Record

The Court of Appeals of Virginia summarized the facts of this case as follows:

[T]he evidence proved that on March 5, 2004, confidential informant Joseph
Watts met with Investigator Everette Gibson and planned a controlled buy of $150
worth of cocaine from [Petitioner].  Using Gibson's cell phone, Watts called
[Petitioner's] home and discussed buying an "8-ball" of cocaine.  [Petitioner]
agreed and told Watts to come to his home.  Gibson searched Watts' vehicle and
person before giving him $160 for the buy and giving him a wire to wear.  Gibson
followed Watts to the street where [Petitioner] lived.

Watts went to [Petitioner's] house and asked for an "8-ball."  Gibson heard the
transaction over the wire Watts was wearing.  Watts gave [Petitioner] $160 in
exchange for the cocaine and asked for $10 change.  [Petitioner] pulled out a
"wad" of money from his pocket that consisted of $20s, $50s and $100s but was
unable to find a $10 bill.  [Petitioner] checked his wallet for a $10 bill and then
told Watts he would "make it up" to him next time.  Watts was inside
[Petitioner's] home for three minutes before leaving.  Gibson followed Watts, and
they met at a pre-arranged location.  Watts gave the cocaine to Gibson, and
Gibson searched Watts' vehicle and person.

On March 12, 2004, Watts met with Gibson and telephoned [Petitioner] with
Gibson's cell phone.  Watts told [Petitioner] he wanted to buy a "16th" of cocaine,
and [Petitioner] told him to "come on over."  After searching Watts' person and
vehicle, Gibson gave him a wire and $100 to make the cocaine purchase.  Gibson
followed Watts to the street where [Petitioner] lived and monitored Watts by
audio wire.  Gibson heard Watts' voice and the same voice he had heard on March
5, 2004.  Watts was inside [Petitioner's] house for about three minutes.  Gibson
saw Watts' vehicle come back to the main road and followed him to the pre-
arranged location.  Watts gave Gibson the cocaine, and Gibson searched Watts'
vehicle and person.

At trial, Watts acknowledged he is a convicted felon and is currently in jail on a
probation violation involving drug use.  Watts was paid for making the drug buys

3

and admitted that, while he was making buys for Gibson, he had a $100 to $200 per day cocaine habit and was making buys for himself.

[Petitioner] admitted selling crack cocaine in a statement to Investigator Kent Washburn. At trial, [Petitioner] again admitted selling crack cocaine to many people, but denied selling it to Watts.

The fact finder believed the Commonwealth's evidence, including Watts' testimony regarding the details of the drug buys from [Petitioner] and rejected portions of [Petitioner's] evidence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Sandoval v. Commonwealth*, [], 455 S.E.2d 730, 732 ([Va.]1995). The Commonwealth's evidence proved that [Petitioner] sold cocaine. . . . The Commonwealth's evidence is competent, is not inherently incredible, and is sufficient to prove beyond a reasonable doubt that appellant committed the charged offenses.

*Brown v. Commonwealth*, Record No. 1775-06-2, at 1-3 (Va. Ct. App. Dec. 14, 2006).

## III. Standard of Review

A federal court reviewing a petition for writ of habeas corpus has only limited powers of

judicial review. Under 28 U.S.C. § 2254(d), such a writ shall not be granted for any claim that

was adjudicated on the merits in state court, with two exceptions. First, a federal court can

review a state adjudication contrary to or involving an unreasonable application of clearly

established federal law. 28 U.S.C. § 2254(d). Second, a federal court can review a state

adjudication resulting in a decision based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding. *Id.*

## IV. Analysis

All of Brown's claims allege ineffective assistance of counsel. To prove a constitutional

claim for ineffective assistance of counsel, a petitioner must demonstrate that counsel's

representation was deficient and that actual prejudice stemmed from the deficiency. *Strickland v.*

4

*Washington*, 466 U.S. 668, 687 (1994). Proving deficient representation "requires showing that

counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment." *Id.* That is, a petitioner must show that counsel's

performance at trial "'fell below an objective standard of reasonableness' based on the situation

at the time rather than on hindsight." *Buckner v. Polk*, 453 F.3d 195, 201 (4th Cir. 2006)

(*quoting Strickland*, 466 U.S. at 688). Proving prejudice "requires showing that counsel's errors

were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Strickland*, 466 U.S. at 687. Put differently, a petitioner must demonstrate that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694.

 Brown argues in Claim (1) that counsel ineffectively failed to move to strike the audio

tape as inaudible. (Pet. Attach. 1-2.) Applying *Strickland*, the Supreme Court of Virginia found

as follows:

> The record, including the trial transcript and the affidavit of trial counsel,
> demonstrates that counsel concluded that there was no basis to seek the
> suppression of the audiotapes and that any issues as to audibility went only to the
> weight of the evidence. Moreover, counsel argued at trial that it was not possible
> to identify [P]etitioner's voice on the tapes and that the informant was not
> credible, and the trial court acknowledged that "everything on the tape is not
> legible." Thus, [P]etitioner has failed to demonstrate that counsel's performance
> was deficient or that there is a reasonable probability that, but for counsel's
> alleged error, the result of the proceeding would have been different.

(Order Dismissing Pet'r's State Habeas Pet. 2.) The Supreme Court of Virginia's analysis of

Petitioner's claim that counsel ineffectively failed to move to suppress the audio tape as

unintelligible did not result in a decision contrary to, nor involve an unreasonable application of,

clearly established federal law. The state court's finding did not rest on an unreasonable

5

determination of facts in light of the evidence.  Petitioner therefore has not demonstrated

entitlement to federal habeas relief on Claim (1), and Claim (1) will be DISMISSED.

In Claim (2) Petitioner alleges that counsel's ineffective assistance deprived him of his

Due Process[2] right to a fair trial because counsel failed to challenge the sufficiency of the

evidence against Petitioner, preventing him from raising the issue on appeal.  Contrary to

Petitioner's allegation, and as the Supreme Court of Virginia noted, counsel did challenge the

sufficiency of the evidence in the Circuit Court, and the Court of Appeals of Virginia considered

the issue on its merits when Petitioner raised the issue on appeal.  (Order Dismissing Pet'r's State

Habeas Pet. 2.)  The Supreme Court of Virginia termed Claim (2) "factually without merit," *id.*,

and this Court agrees the evidence sufficiently established guilt.  Petitioner argues that the

evidence lacked sufficiency because it could be consistent with the arresting officer's informant,

Watts, purchasing cocaine from someone other than Petitioner.[3]

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ."  U.S. Const. amend. XIV, § 1.

[3] Petitioner argues, verbatim:

> [T]he Commonwealths star witness, was a cocaine addict . . . he had no credibility . . . . This witness could not hold up on the stand under cross examination by the commonwealth.  He would not answer questions asked of him.  This witness testified that he would make buys for detective Gibson and make and additional buy for himself, while Detective Gibson stated that he searched the witness Mr. Watts prior to any buys and he had no money other than what was given to him. . . .

> . . . . [Detective Gibson] does not give direct evidence that Mr. Brown sold anything to Mr. Watts, he does not say that it is Mr. Browns voice on the tape, he cannot say he saw Mr. Brown make any transcations [sic]. . . .

Contrary to Petitioner's claim that the Circuit Court relied primarily on circumstantial evidence in convicting him, direct evidence existed because the Circuit Court judge, after hearing the tape, indicated his "satisf[action] this was [Petitioner's] house because the Court hears [Petitioner] . . . ." (Tr. 93:8-10.) This Court need not delve into the credibility of the Commonwealth's witness against Petitioner. "Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder." *Bower v. Commonwealth*, 551 S.E.2d 1, 2 (Va. App. 2001), *rev'd on other grounds*, 563 S.E.2d 736 (Va. 2002). This Court rests on the Circuit Court's determination as to Watts's reliability and the inferences to be drawn from the direct evidence.

The Supreme Court of Virginia's analysis of Petitioner's claim that counsel ineffectively failed to challenge the sufficiency of the evidence did not result in a decision contrary to, nor involve an unreasonable application of, clearly established federal law. The state court's finding did not rest on an unreasonable determination of facts in light of the evidence. Petitioner therefore has not demonstrated entitlement to federal habeas relief on Claim (2), and Claim (2) will be DISMISSED.

Petitioner alleges in Claim (3) that counsel ineffectively failed to move to strike his confession. The Supreme Court of Virginia rejected this argument, finding that "[t]he record . . . demonstrates that counsel concluded that there was no legally valid basis to seek the suppression

---

> Mr. Watts testified that he would make buys for himself, detective Gibson said he was searched and had no other money, yet he was able to buy these drugs for himself and the officer. What Mr. Watts has shown is that officer Gibson did not search him before or after these buys.

> (Pet. Attach. 2-3.)

of the confession because petitioner had never invoked his right to an attorney, was properly advised of his *Miranda* rights, and had waived those rights when he spoke to the officer." (Order Dismissing Pet'r's State Habeas Pet. 3.)

Case law makes clear that a suspect can waive the right against self-incrimination in custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966) ("The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently."). Petitioner does not deny that he waived his rights, nor does he allege that at any time during his voluntary confession he sought to consult with counsel. The Supreme Court of Virginia's analysis of Petitioner's claim that counsel ineffectively failed to move to strike Petitioner's confession did not result in a decision contrary to, nor involve an unreasonable application of, clearly established federal law. The state court's finding also did not rest on an unreasonable determination of facts in light of the evidence. Accordingly, Petitioner has not demonstrated entitlement to federal habeas relief on Claim (3), and Claim (3) will be DISMISSED.

Petitioner alleges in Claim (4) that counsel ineffectively failed to conduct a pre-trial investigation of a rape charge listed on the presentence report. The Supreme Court of Virginia found that counsel did not render ineffective assistance under *Strickland* because:

> The record, including the sentencing hearing transcript, demonstrates that the prosecutor advised the court that petitioner had been charged with rape, but was convicted of sexual battery, and that petitioner also informed the court that the rape charge was "dropped . . . to a sexual assault." Petitioner fails to articulate how an additional admonition on the issue by trial counsel would not have been merely cumulative. Furthermore . . . petitioner fails to articulate with clarity how the guidelines were calculated or what effect the reference to his rape charge or a resulting sexual assault or battery conviction had on the calculations.

(Order Dismissing Pet'r's State Habeas Pet. 4.)  Because both the prosecution and Petitioner advised the Circuit Court that Petitioner's rape charge had been reduced to sexual assault, Petitioner cannot show prejudice by counsel's not mentioning it.  The Supreme Court of Virginia's analysis of Petitioner's claim that counsel ineffectively failed to conduct a pretrial investigation of his prior rape charge did not result in a decision contrary to, nor involve an unreasonable application of, clearly established federal law.  The court's decision also did not rest on an unreasonable determination of facts in light of the evidence.  Accordingly, Petitioner has not demonstrated entitlement to federal habeas relief on Claim (4), and Claim (4) will be DISMISSED.

### V.  Conclusion

For the foregoing reasons, the Motion to Dismiss is GRANTED.  An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date:  2/23/09

9